(No. 701—Claim denied.)

LEAVIE SMITH et al., Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed April 16, 1925.*

NON-LIABILITY OF STATE—*state highways.* The State in the maintenance and repair of its highways used exclusively by its institution is not liable for damage to an adjoining property owner by overflow water resultant to the repair of such highway, even though the highway is used by the public.

WM. H. SCHWERK, for claimant.

OSCAR E. CARLSTROM, Attorney General; GEORGE C. DIXON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

The declaration in this case sets forth that the claimants herein owned four lots, being a part of subdivision of a certain tract lying one-half mile west of the City of Chester, Illinois, during 1922, said lots fronting on Kaskaskia street, a public highway; that there was a dwelling house which claimants allege had a market value of $1,350.00; that Leavie Smith, Ardell Smith, Walter Smith, Grace Smith, Edith Smith and Hazel Smith are minors; that on April 1, 1922, they were the owners in fee simple of the following described real estate: Lots Twenty-five (25), Twenty-six (26), Twenty-seven (27) and Twenty-eight (28) in the subdivision of a part of the Northeast Quarter and the Southeast Quarter of Section Twenty-three, Town Seven, South, Range Seven West, in Randolph County, Illinois, lying about one-half mile west of Chester, Illinois; that the State of Illinois kept and maintained a highway for the exclusive use of the Criminal Insane Asylum, a public institution owned by the State of Illinois, at Menard, Ill., said highway being located immediately in the rear of said lots at an elevation of about sixty feet above the front elevation of said lots; that between March 26, 1922, and April 15, 1922, and at different times thereafter, convicts from

the Illinois Southern Penitentiary under the control of and at the direction of the warden of said penitentiary and the superintendent of the Criminal Insane Asylum at Menard, Illinois, had hauled large quantities of rock and dirt and had filled it in along said highway at the rear of said premises; that said fill was made in a negligent and careless manner, diverting the natural flow of water along said highway, causing it to flow into, over and upon the premises of the claimants; that the water flowing as aforesaid over the claimants' premises caused large quantities of dirt on the rear of said premises to move and slide toward the front of said premises, thereby rendering the house and buildings on said premises unsafe and thereby depreciating the fair cash market value of the premises in the sum of $750.00.

The Attorney General, on behalf of the State of Illinois, filed a demurrer to the declaration, which, as a matter of law, is sustained.

The evidence shows that there was a natural elevation at the rear of said lots; that it is very hilly in that immediate vicinity; that the State of Illinois endeavored to provide and maintain a roadway, not only for its own use, but for the use of the public; that there was heavy rains in the spring of 1922, and said rains caused a slide above and below the road-bed, which would have occurred regardless of there being a road there. There is also some evidence that the same rent was paid to claimant after this slide happened as was paid before.

None of the witnesses testified to any personal inspection or examination of the hill from which they could tell the reason for the slide of earth. There seems to be no controversy but what slides occurred there before the State had repaired this road.

That the State of Illinois is not liable, there is no question. It would be against public policy to allow claims of this nature against the State of Illinois, and we therefore deny the claimants an award in this case.